IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JAMES SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-00485-CV-W-ODS |
| ERIC FISHER, et al., | ) ) ) |
| Defendants. | ) |

<u>ORDER AND OPINION (1) GRANTING IN PART AND DENYING IN PART ERIC FISHER'S AND SLOANE LOWE'S MOTION TO DISMISS, AND (2) GRANTING WCA WASTE CORP.'S MOTION TO DISMISS</u>

Pending are two motions to dismiss. Defendants Eric Fisher and Sloane Lowe seek dismissal of Counts I and II. Doc. #13. Defendant WCA Waste Corporation seeks dismissal of Counts III and IV. Doc. #19.

## I. BACKGROUND

In June 2018, Plaintiff initiated this lawsuit against WCA Waste Corporation ("WCA"); Eric Fisher, a WCA Operations Manager and Plaintiff's supervisor; and Sloane Lowe, a WCA Dispatch Manager and Plaintiff's direct supervisor. Doc. #1. Plaintiff began working for WCA after WCA purchased Deb's Disposal in July 2016. Doc. #1, at 3. In July 2016, Plaintiff was 61 years of age. Plaintiff worked at the WCA Kansas City, Kansas location until he was transferred to the Kansas City, Missouri location in October 2016. *Id.* at 4. Before the transfer, Plaintiff's duties included running the office with the assistance of a clerk, handling customer issues, billing, dispatching, supervising drivers, and overseeing repair and service of waste disposal vehicles in a timely manner. *Id.* Once transferred, Plaintiff was given minimal training by Lowe on WCA's software program. *Id.* Shortly thereafter, Plaintiff was informed that his duties and hours would change, and he was tasked with closing out both commercial and residential routes. *Id.*

During training on November 2, 2016, Plaintiff's instructor was also on duty as a dispatcher, and the training only lasted two hours. *Id.* Plaintiff had little experience using a computer and other systems for closing out routes and communicating with customers, and was not trained on how to close out residential routes. *Id.* at 4-5. While Plaintiff was learning the new aspects of his job, Lowe made several jokes about Plaintiff's lack of computer skills, and made jokes about Plaintiff being an "old fart." *Id.* at 5. Plaintiff told Fisher that if he was not closing out routes sufficiently, he would return to driving roll-off. Fisher told Plaintiff the only available driver position was residential, which is more physically demanding. However, WCA had roll-off positions on non-residential routes, which were less physically demanding. *Id.* at 6.

After a conversation with Fisher in November 2016, Plaintiff asked Fisher if he was attempting to get Plaintiff to resign, and Fisher replied, "would you?" *Id.* at 7. Plaintiff refused to resign, and told Fisher he would have to fire him. *Id.* Fisher then typed out a note stating: "On 11-08-16 Jim and I had a conversation about his employment. I asked if he would be willing to resign and he said no that he would not be willing to resign but that 'You can fire me.' Informed him that he was relieved of his duties as requested." *Id.* Plaintiff signed Fisher's note, and cleared out his desk. A few days later, Plaintiff was informed by another WCA employee that Lowe had been interviewing dispatchers two weeks before Plaintiff's termination, and WCA hired someone for the dispatcher position a week before Plaintiff's termination. *Id.* Upon Plaintiff's information and belief, that employee was substantially younger than Plaintiff. *Id.*

On April 23, 2017, Plaintiff filed a charge of discrimination, naming only WCA as the alleged wrongdoer, with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR") alleging age discrimination. *Id.* at 9. On June 7, 2018, the EEOC issued a Notice of the Right to Sue. *Id.* Plaintiff filed this lawsuit fourteen days later alleging age discrimination and retaliation. Fisher and Lowe move to dismiss Counts I and II, while WCA moves to dismiss Counts III and IV.

## II.  STANDARD

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'"  *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In ruling a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]."  *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.  A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged.  *See Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### III.     DISCUSSION
#### A. ADEA Age Discrimination Claim (Count I)

While the Eighth Circuit has not expressly held whether individual liability exists under the ADEA, it has determined the definitions of employer under Title VII and the ADEA are analogous. *Lenhardt v. Basic Inst. of Tech., Inc.*, 55 F.3d 377, 380 (8th Cir. 1995). Consequently, many courts in the Eighth Circuit have held the Eighth Circuit will not impose individual liability under the ADEA. *See, e.g., Lyons v. Drew*, No. 14-0510-CV-ODS, 2015 WL 1198081 (W.D. Mo. Mar. 16, 2015); *Olsen v. Capital Region Med. Ctr.*, No. 10-4221-CV-FJG, 2012 WL 1232271, at *12 (W.D. Mo. Apr. 12, 2012); *Smith v. Bankers Life & Cas. Co.*, 519 F. Supp. 2d 964, 967 (S.D. Iowa 2007); *Widmar v. City of Kan. City, Mo.*, No. 05-0599-CV-W-DW, 2006 WL 743171, at *2 (W.D. Mo. March 20, 2006). Other circuits have reached a similar conclusion regarding individual liability. *See, Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510-511 (4th Cir. 1994). The Court finds Fisher and Lowe, as individuals, are not subject to liability under the ADEA. Therefore, the Court grants their motion to dismiss Count I.

#### B.     MHRA Age Discrimination Claim (Count II)

Fisher and Lowe argue Count II must be dismissed for failure to state a claim because Plaintiff failed to exhaust his administrative remedies. Doc. #14, at 5. As a general principle, before filing a lawsuit under the MHRA, a plaintiff must first exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter. *Alhalabi v. Mo. Dep't of Nat. Res.*, 300 S.W.3d 518, 524 (Mo. Ct. App. 2009) (citation omitted). "The doctrine of exhaustion of remedies is a jurisdictional requirement." *Id.*; Mo. Rev. Stat. § 213.075.1. A claimant must file a charge of discrimination naming the individuals alleged to have committed the unlawful discriminatory acts and describing the particulars of those acts. *See* Mo. Rev. Stat. § 213.075.1; *State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82, 89 (Mo. 2003). However, the Missouri Supreme Court "takes a liberal approach to the fulfillment of procedural requirements under the MHRA." *Alhalabi*, 300 S.W.3d at 525.

4

Consistent with its liberal approach to the MHRA's procedural requirements, the Missouri Supreme Court has addressed circumstances when failure to name an individual in the charge is not a bar to a lawsuit against that individual where there is a "substantial identity of interest" between the parties later sued. *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669-70 (Mo. banc 2009). At the time Plaintiff filed his charge, the MHRA permitted claims against the employer and "any person acting directly in the interest of the employer[,]" which includes a supervisory employee. *Id.* at 669.[1]

It is undisputed Plaintiff failed to formally name Fisher and Lowe in his charge. The question is whether this failure bars Plaintiff's MHRA claims against Fisher and Lowe. Missouri law is lenient in enforcing this pre-filing requirement. *Alhalabi*, 300 S.W.3d at 525. The Supreme Court of Missouri has held "the importance of maintaining the availability of complete redress of legitimate grievances without undue encumbrance" outweighs the interests served by the statute's procedural requirements, "especially [where] demanding full and technical compliance would" not advance the underlying purposes of the procedural requirements. *Hill*, 277 S.W.3d at 670. These purposes include giving notice to the charged party, and providing an avenue for voluntary compliance without resort to litigation. *Id.* at 669.

In *Hill*, the Missouri Supreme Court adopted a four-factor test when deciding whether to allow a plaintiff to pursue a civil action against an individual when the plaintiff failed to name the individual in the charge. *Id.* These factors include (1) whether the plaintiff could have asserted the role of the unnamed party through reasonable efforts at the time the charge was filed; (2) whether the interest of the unnamed parties and the named respondent are so similar that, for the purpose of obtaining voluntary conciliation and compliance, including the unnamed party was unnecessary; (3) whether the failure to include the unnamed party in the charge resulted in actual prejudice; and (4) whether the unnamed parties represented to the plaintiff that its relationship with the plaintiff is to be through the named party. *Id.* at 669-70.

Fisher and Lowe argue there is no reasonable basis in fact and law to impose liability on them because Plaintiff did not exhaust his administrative remedies when he

---

[1] The MHRA has since been amended but neither side suggests those amendments are applicable with regard to the pending motions to dismiss.

5

failed to name them in the charge. They also argue the substantial-identity-of-interests exception is not met here. Defendants claim all four *Hill* factors favor a finding of no substantial identity of interests. Plaintiff knew Fisher's and Lowe's roles and identities, and thus, could have listed them when he filed his Charge. Fisher's and Lowe's interests—as individuals—are not similar to WCA's, so Plaintiff should have named them. Fisher and Lowe were allegedly prejudiced in that they had no opportunity to submit documents in defense of any charge against them personally, and would have approached the administrative proceedings differently if they were formally named. Fisher and Lowe did not hold themselves out to be WCA's alter ego.

Plaintiff admits he had some knowledge of the roles played by Fisher and Lowe in discriminating against him. However, Plaintiff argues that the purposes of naming a party in the administrative charge—to give notice to the charged party and to provide an avenue for voluntary compliance without resort to litigation—are satisfied in this case. He claims Fisher and Lowe were on notice and fully participated in the administrative proceeding. Plaintiff also argues Fisher and Lowe were not prejudiced—which *Hill* requires—because there was no conciliation in this case. A Missouri court might agree and find Fisher and Lowe would not have done anything different even if Plaintiff named them in the charge. Thus, it is possible a Missouri court might find Plaintiff, in effect, exhausted his administrative remedies against Fisher and Lowe.

Resolving all facts and ambiguities in the law in Plaintiff's favor, *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003), and without wading into a decision on the merits, *Walters v. Sensient Colors, LLC*, No. 4:14-CV-1241-HEA, 2015 WL 667986, at *3 (E.D. Mo. Feb. 17, 2015), this Court finds there is arguably a reasonable basis for predicting a Missouri court *might* impose liability on Fisher and Lowe. Accordingly, the motion to dismiss Count II is denied.

### C. Retaliation Claims (Counts III & IV)

Counts III and IV are retaliation claims under the ADEA and MHRA against WCA. Defendant argues Plaintiff fails to state a claim for relief because he did not exhaust his administrative remedies with regard to his retaliation claims. Doc. #20, at 1. Plaintiff

does not oppose WCA's motion to dismiss Counts III and IV. Doc. #24. Accordingly, the Court grants WCA's motion to dismiss Counts III and IV.

## IV. CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss Count I against Fisher and Lowe, but denies the motion to dismiss Count II against Fisher and Lowe. The Court grants WCA's motion to dismiss Counts III and IV.

IT IS SO ORDERED.

DATE: October 15, 2018

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT